IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

SARAH R. LARD,

    Plaintiff,

vs.     CASE NO. CV-01-J-1705-NW

ZC STERLING INSURANCE
AGENCY, INC.,

    Defendant.

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 7), to which the plaintiff has not responded.

The plaintiff filed suit alleging that a policy of insurance was purchased on her behalf from the defendant and that the defendant breached the contract by refusing to pay benefits on the policy. Complaint at ¶ 1. The policy apparently was for insurance on a home, which was subsequently destroyed by fire.[1] Complaint at ¶ 1 and exhibit B to defendant's Notice of Removal (doc. 1). The case was removed to this court, based on diversity of the parties and the amount in controversy being greater than $75,000.00. *See* 28 U.S.C. § 1332.

---

[1]Neither party has submitted a copy of the insurance policy.



The complaint states claims for breach of contract and bad faith. Complaint at ¶ 2-4.

The defendant's motion for summary judgment states that the defendant is not an insurer, but rather a program manager for Fidelity and Deposit Company of Maryland. The defendant does not dispute the existence of a valid policy, but rather argues that as an insurance agency, it is not a party to the contract of insurance and therefore cannot breach the contract or be liable for bad faith failure to pay claims under the insurance contract.

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A plaintiff can establish a breach-of-contract claim by showing "(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *State Farm Fire & Cas. Co. v. Slade*, 747 So.2d 293, 303 (Ala.1999), citing *Southern Medical Health Systems, Inc. v. Vaughn*, 669 So.2d 98, 99 (Ala.1995). The plaintiff has

presented no evidence of the existence of a contract between herself and the defendant. As such, her claim for breach of contract must fail.[2]

Likewise, to establish a bad faith refusal case, the plaintiff must show: (a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason); (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; (e) if intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim. *Poarch v. Alfa Mut. Ins. Co.* 799 So.2d 949, 953 (Ala.Civ.App.2000) (citations omitted).

This court, having considered all of the pleadings, finds that the plaintiff has failed to establish a contract of insurance between her and the defendant. This is an essential element of a claim for breach of contract and a claim for bad faith refusal to pay.

---

[2] Under Alabama law, an agent can be liable for the breach of a contract entered on behalf of a disclosed principal. If the agent fails, for lack of authority, to bind the principal, then he is personally liable on the contract. If the agent succeeds in binding the principal, then he will not be held personally liable unless there is clear evidence that he intended to substitute or add his personal liability for or to that of the principal. *Shirley v. Lin,* 548 So.2d 1329, 1333 (Ala.1989) (citations omitted). However, the plaintiff has not argued that this is the situation before this court.

The defendant's motion for summary judgment be and hereby is **GRANTED**.

This case is **DISMISSED WITH PREJUDICE.** Each party is to bear its own costs.

**DONE** and **ORDERED** this the ___15___ day of January, 2002.

                                                INGE P. JOHNSON
                                               UNITED STATES DISTRICT JUDGE